HARRY DRANOW, APPELLEE, v. WESLEY MacDONALD, APPELLANT.

Submitted March 12, 1908—Decided June 8, 1908.

The defendant, a public auctioneer, sold plaintiff's property by a misdescription. The successful bidder refused to take the title and in an action at law recovered a judgment against the present plaintiff for the amount paid to the auctioneer on account and the expense of searching the title. Plaintiff thereupon sued the auctioneer for the damages resulting from the bidder's refusal to consummate the sale. At the trial the bidder was not called as a witness but the plaintiff testified that the bidder declined to take the title because of the difference between the defendant's misdescription of the lot and its true dimensions, and also that the judgment recovered by the bidder rested upon the same ground. *Held*, that neither of these statements was competent testimony to prove that the ground of the bidder's refusal to consummate the sale was the misdescription of the lot by the defendant, the first because it was hearsay, the second because the judgment was not offered and the defendant was not a party to it. *Held also*, that the loss of rent and the damage to the property resulting from the moving out of the plaintiff's tenant were not proper elements of damage against the defendant.

On appeal.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *Clarence Kelsey.*

For the appellee, *James E. Pyle.*

The opinion of the court was delivered by

GARRISON, J. This appeal brings up a judgment rendered for the plaintiff in an action tried in the Second District Court of Jersey City without a jury. The plaintiff's cause of action was that the defendant as an auctioneer had wrongly conducted a public sale of plaintiff's real estate whereby damages accrued to the plaintiff. The facts were that the defendant, being authorized by the plaintiff to sell No. 793 Ocean

avenue at public auction, was shown the plaintiff's deed in which the dimensions of the lot were stated to be ninety-two by twenty-eight feet. At the sale, which took place on the premises, the defendant read the conditions of sale which described the lot as thirty by one hundred feet. The lot was knocked down at $4,250 to a bidder who was present at the sale, signed the conditions and paid $230 on account. Subsequently this bidder refused to take title, and, bringing suit against the present plaintiff and defendant, was nonsuited as to the defendant, but recovered a judgment of $314.50 against the present plaintiff. This judgment was made up of the deposit money, $230, and $84.50 for examination of title. A tenant of the property who paid $35 a month had moved out after the auction sale, and the property had stood idle for five months, during which time the windows were broken and the floors flooded by water, necessitating repairs to the extent of $200. Upon this footing plaintiff recovered damages to the full extent of the jurisdiction of the District Court, having waived any excess.

This judgment cannot stand, inasmuch as both the liability of the defendant and the measure of damage were rested upon incompetent testimony admitted over objection. The liability of the defendant was rested upon the ground that the refusal of the bidder to take title was because of the defendant's misdescription of the property. The misdescription was proved, but that this was the cause of the bidder's refusal to consummate the sale was not proved by competent testimony. What the bidder stated to the plaintiff as to the cause of her refusal to consummate the sale was mere hearsay as to the defendant, and the testimony of the plaintiff as to the judgment the bidder had recovered against him and the character of the claim upon which it was founded did not as to the present defendant make such judgment an estoppel of record or otherwise than *res inter alios acta*. The judgment itself was not offered in evidence, and although originally the defendant was a party to that suit, a nonsuit had been entered as to him, and hence the judgment recovered therein was not one to which he was a party. Whether he would have been

bound by it if he had been notified that he would be held liable in the event of a recovery need not be considered, inasmuch as no such notice was given. All of this evidence was objected to when offered and should have been excluded, and with this testimony out of the case there is no proof as to the reason that actuated the bidder in refusing to consummate the sale of the plaintiff's property made by the defendant.

Furthermore the proper rule as to damages was not applied. The vacation of the premises by the plaintiff's tenant is not stated to have been otherwise than of the plaintiff's own volition. In any event, it was not the act of the defendant or with his knowledge. The destruction of the property because it remained untenanted is likewise too remote. · The allowance of such damages would seem to rest upon the proposition that untenanted property is not under the care of its owner.

Inasmuch as the defendant had paid over to the plaintiff $145 of the $230 received from the bidder, the judgment for $300 in the present case must have included damages either for the vacation of the premises or for the damage done while vacant.

The judgment of the District Court is reversed and remanded.