GEORGE A. SMALLBEIN, DEFENDANT IN ERROR, v. ERIE
RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 10, 1910—Decided June 20, 1910.

Under section 46 of the District Court act, as amended by *Pamph L.*
1908, *p.* 181, process may be served on a foreign corporation by
leaving a copy of the summons at the office, depot or usual place
of business of such corporation in the county, with the person in
charge of such office or depot.

On error to the Supreme Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Adolf L. Engelke.*

The opinion of the court was delivered by

VROOM, J. The writ of error in this case was sued out to
review a judgment of the Supreme Court which affirmed an
order of the District Court of the First Judicial District of
Bergen county, denying a motion of the plaintiff in error to
set aside the service of a summons issued out of said District
Court. The suit below was to recover damages for injuries
to the horse and wagon of the defendant in error, on account
of the same being struck by a train of the railroad company
at a grade crossing in the city of Englewood, Bergen county.

The manner of the service of the summons issued from the
District Court appears from the return of the constable,
which is as follows:

"I served the within summons January 3, 1909, on Erie
Railroad Company, the defendant, by leaving a copy thereof
at the office and depot of the said Erie Railroad Company in
Englewood, Bergen county, with one Charles W. Willis, the
person in charge thereof, and by reading the same to him,
and delivering to him said copy thereof."

On the return of the summons a motion was made on be-

half of the railroad company to set aside the service of the same. The motion was continued to a later date, with leave to either party to take depositions to be read at the hearing of the said motion. · The District Court, on the hearing, held that the service of the summons as returned thereon was good. A writ of *certiorari* was allowed to review the order of the District Court, and after the argument before Mr. Justice Parker, the order of the District Court was affirmed.

The railroad company is a foreign corporation, doing business and operating in the State of New Jersey, and the only question here involved is the construction of the forty-sixth section of the District Court act, as amended by *Pamph. L.* 1908, *p.* 181. This section relates to the manner of the service upon a foreign corporation, and is as follows:

"If the defendant be a foreign corporation, the summons shall be served upon any officer, director, agent or clerk, or engineer of such corporation, either personally or by leaving a copy thereof at his dwelling-house or usual place of abode, in such county, or by leaving a copy at the office, depot or usual place of business of such foreign corporation in such county, at least five days before the return."

This section provides for three modes of service: first, upon any officer, director, agent or clerk, or engineer of said corporation, personally; second, by leaving a copy thereof at his dwelling-house or usual place of abode in such county; third, by leaving a copy at the office, depot or usual place of business of such foreign corporation, in such county, at least five days before its return. The return of the writ in this case shows that the third mode of service provided by section 46 was adopted in this case. It is made clear by the depositions that the summons was left at the office and depot of the company in Englewood, and handed to Charles W. Willis, in charge of the office. Willis had charge of the office of the Erie Railroad Company at Englewood, attended to the tickets at the office, received checks, endorsed and deposited them. He opened communications and reported them, if necessary, to higher officers of the company. He sent the summons in this case to the general counsel of the company; he made reports to the

company and paid out the funds of the railroad company to the help under his charge.

The question whether Willis was made an agent of the railroad company upon whom personal service could be made under the first or second provisions of modes of service under section 46 need not be considered.

I think the service in this case was in compliance with the third mode provided in the forty-sixth section of the statute. The fact that the railroad company had more offices, depots and usual places of business in Bergen county, than at Englewood, will not militate against the fact that for the purpose of the service of process any office of a defendant foreign corporation in the county is the office for the service of process.

It was urged, and properly, that a state might discriminate against a corporation a creature of another state. Therefore, when a foreign corporation comes into New Jersey, it is liable to be served with process in such modes as the legislature prescribes, if such mode be reasonably calculated to bring home notice of the suit to the defendant corporation.

I agree entirely with the contention of the defendant in error that the third mode of service under section 46 does not require that the summons be left with some officer, director, agent, clerk or engineer, the persons named in the earlier part of the section as those upon whom personal service could be made, but that it is simply a method pointed out for obtaining jurisdiction by leaving the summons at the office or depot of the corporation, and no question arises as to the official character borne by the person with whom the process is left. The reasonable construction of this provision of the section must be that foreign corporations knowing that process might be served upon them, would instruct the person or agent in charge of such office or depot what to do in the event of such service being made in accordance with the statute. If service so made is reasonably calculated to bring home notice of the suit to the defendant corporation, the object of the statute is attained. This accords with the grounds of decision in *Hygea Brewing Co.* v. *Erie Railroad Co.*, *47 Vroom* 261.

I am of opinion that the service in this case was within the reasonable construction of the act.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, GRAY, CONGDON, JJ.   11.

*For reversal*—None.